By the Court.
By writing, Isaac agreed with John and George thus: They to have the exclusive use of his *358 patent for tubular carriage bows, dated December 27,1870; one-tbird of 'the expense of maintaining the right of the patent against infringements, and other patents, to be paid by Isaac, and two-thirds by the others; any improvements made by either to be for the mutual benefit of all; in consideration of “the above grant” John and George to pay to Isaac fifteen per cent, out of the wholesale selling prices, as royalty. They were also to make the articles of quality and finish to meet Isaac’s approval, and to do all in their power to extend the sales. The prices were to be settled by agreement' of the three. In May, 1871, Isaac obtained another patent for an improvement in the articles ; and in August, 1875, an improvement on that was patented in the name of John. They made articles according to the patent of 1870, until about February, 1871; but worked without interruption or interference, under that of 1871, from its date, conforming to that of 1875, after its date. They stamped upon all articles made up to September, 1879, the date of the patent of 1870, as well as the dates of the other patents after their issue. They actually enjoyed a monopoly and gained large profits. They paid the royalties that accrued prior to April 1, 1879. On September 13, 1879, they notified Isaac that his patent of 1870 was invalid; that the contract would be no longer recognized by them, and 'that they would not pay any more royalties. In October, 1879, Isaac applied for a re-issue of the patent of 1870. In December, 1879, it was re-issued. In February, 1880, John and George sued to recover the royalties paid. The trial court rendered judgment for Isaac. In June, 1880, Isaac sued John and George for royalties accrued; after April 1, 1879. His petition set out the whole contract; averred.that the royalties were earned under the patent of 1870, upon , “ articles manufactured by the defendants after June 30, 1879.” The answer denied the validity of that patent, and averred its ré-issue. At the trial ■ John and George did not object to evidence proving the patents of 1871 and 1875, and.that the articles were made under them under said con- • tract. .The trial court.gave judgment.for Isaac for unpaid *359 royalties accrued prior to the notice of September 13, 1879. Eeld,
1. Roth judgments were right.
2. The contract gave royalties upon articles made under the patents of 1871 and 1875 as well as that of 1870.
3. Under the contract and conduct of the parties, the invalidity of the patent of 1870, and its re-issue, were immaterial as to royalties accrued before the notice of September 13, 1879.
4. As they did not object to evidence that the royalties were earned pursuant to said contract under the patents of 1871 and 1875, John and George cannot complain because the trial court treated the case as if the petition had been so amended as to aver such earning.
5. Isaac’s action touching the re-issue estops him from claiming that the articles made after the notice of September 13, 1879, were made under said contract.
6. We do not decide anything as to the rights or interests of the parties in the patents of 1871 and 1875, after September 13, 1879.

Judgments affirmed.